UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GUY DWIGHT COLSTON,

    Plaintiff,

v.                                                        Case No. 3:19cv4804-RV-HTC

JOSEPH A. SCHILLER,

    Defendant.
_____/

ORDER AND REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, ECF Doc. 1, and a motion for leave to proceed *in forma pauperis,* ECF Doc. 2.  Having reviewed the motion to proceed *in forma pauperis*, the Court finds that Plaintiff is entitled to proceed *in forma pauperis.* Therefore, his motion at ECF Doc. 2 will be granted.

The matter was also referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  Having screened the complaint under 28 U.S.C. § 1915(e)(2)(B),[1] the undersigned recommends that the case be dismissed without prejudice because it is frivolous, fails to state a claim upon which relief can be

---

[1] "Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and non-prisoners in both categories." *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring).

granted, and seeks monetary relief against a defendant who is immune from such relief.

## I. THE COMPLAINT

Colston brings a civil rights complaint against one defendant, Joseph A. Schiller, the assistant state attorney who signed an Information charging Colston with "Fleeing or Attempting to Elude a LEO in an Agency Vehicle with Siren and Lights Activated." ECF Doc. 1 at 13. His complaint is hard to decipher, but Colston appears to allege that the Information contained various errors and lacked "independent, corroborative evidence of exclusive felony subject matter jurisdiction in law and equity." *Id.* at 6. He alleges he spent a night in jail because of the Information and that his case was eventually dismissed. He seeks the following relief: (1) to report a crime of "obstruction of justice against . . . Indictment or Information sworn to by Assistant State Attorney Joseph A. Schiller"; (2) the return of $250.00 for his bond; and (3) punitive damages of three million dollars "for time spent in involuntary servitude for one day." *Id.* at 7.

## II. ANALYSIS

### A. Standards for Dismissal under 28 U.S.C. § 1915(e)(2)

Because he is proceeding *in forma pauperis*, the provisions of 28 U.S.C. § 1915(e)(2) apply to Colston, and the Court must dismiss his complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).  The Court must read Plaintiff's *pro se* allegations in a liberal fashion.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. Application to Colston's Claims

First, Colston seeks "to report a federal crime" committed by the prosecutor in his case.  ECF Doc. 1 at 7.  However, a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  This Court is therefore without authority to grant the requested relief.  *See Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir.1987).

Colston also seeks monetary damages from the prosecutor of $250.00 reimbursement for his bond expenses and three million dollars in punitive damages. ECF Doc. 1 at 7. However, Assistant State Attorney Schiller is immune from such damages.  The United States Supreme Court has explained that "the immunity that the law grants prosecutors is absolute" with respect to all actions taken while

advocating for the government. *See, e.g., Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976); *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and all appearances before the court, including examining witnesses and presenting evidence." *Id*. (internal citation omitted).

In this case, each of the challenged actions was performed by Defendant Schiller when he was serving as an officer of the Court and advocate for the government during judicial proceedings. Therefore, even if Schiller violated Colston's rights because of procedural, substantive or technical errors to the Information or because of a lack of evidence to support it, Schiller – as the prosecutor – is entitled to immunity for all actions taken as an advocate for the government in the criminal prosecution. *See id.* at 1279-80 (holding that "even if [the prosecutor] knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so"). Consequently, Schiller is entitled to absolute immunity from this civil suit for any alleged actions that occurred during the judicial proceedings of Colston's criminal case. *See Imbler*, 424 U.S. at 430; *Wright v. Pearson*, 747 Fed. App'x 812, 814 (11th Cir. 2018) (recognizing that "a case is due to be dismissed for failure to state a claim when immunity is an obvious bar given the allegations in the complaint").

Accordingly, Colston's complaint is frivolous, fails to state a claim, and seeks monetary damages from one who is immune from such liability.

## III.  CONCLUSION

As a general rule, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  However, where a more carefully drafted complaint could not state a claim, amendment is futile and not required. *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (citing *Bank*, 928 F.2d at 1112).  The undersigned finds, given the facts and circumstances alleged, that even with "a more carefully drafted complaint," Colston could not state a claim against the prosecutor.

Colston cannot allege facts that (1) would render his request "to report a federal crime" against Schiller cognizable in a 42 U.S.C. § 1983 action; or (2) would allow his case to surmount the absolute immunity enjoyed by Schiller. Consequently, filing an amended complaint would be futile.

Also, by issuing a report and recommendation of dismissal, the Court is employing a fair procedure and one which affords Colston notice and an opportunity to respond.  *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x

121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

Accordingly, it is ORDERED:

1. Colston's motion to proceed *in forma pauperis* (ECF Doc. 2) is GRANTED.

Additionally, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B) as frivolous, failing to state a claim, and seeking monetary relief against a defendant who is immune from such relief.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 8th day of January, 2020.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.